Mr. Justice Walker delivered the opinion of the Court. Edith Pierce, Deborah Bloyd and Bedith Mills sued Edward S. Johnson on a bond with covenants, executed by Johnson and others to Mary Lowe or her heirs or legal representatives, assigned breaches of the conditions of the covenant and averred the death of Mary Lowe, and that the plaintiffs were her lawful heirs. The defendant failed to plead, and judgment was taken against him by default, and the court, without the intervention of a jury, proceeded to assess the damages and render final judgment for the plaintiffs. It is evident that this was a personal covenant, not running with the land, and that an action for a breach of such covenant can only be maintained in the name of the executors or administrators of Mary Lowe. 1 Ch. PI. 19. But it is contended for the plaintiffs that, as there was no plea, the judgment by default admitted a right of action in the plaintiffs. It is true that by failing to defend, the defendant admitted the truth of the allegations contained in the declaration, that is, he admitted the existence of every fact which the plaintiff would have been called to prove in order to maintain his action, because by refusing to make an issue with the plaintiffs upon the facts set forth by them, he deprives them of an opportunity of making such proof, and therefore from necessity the facts must stand admitted upon the same principle that whatever is not traversed in pleading is admitted. Default, says Tidd/ is an admission of the cause of action, and therefore, when founded on a contract, the defendant cannot prove the contract fraudulent. And so when the action is on a note or bill; no proof of their execution is required. TiclcTs Pr. 522. So' that, when Tidd says, “Default is an Admission of the cause of action,” we see from the examples given by him what he means by “admitting the cause of action.” It evidently cannot* upon principle, mean more than that the facts alleged in the declaration are admitted, or, in other words, are considered as though they were proven.- And this is the extent to which we understand the case cited by counsel in 4 Humphries Reports, to go. But suppose, when they are all admitted as fully as if proven, and still fail to show a legal right in the plaintiffs to recover after allowing the benefit of the statute of jeofails and amendments, shall we say that they are entitled to recover? Most clearly not; unless we could suppose that a default would not only confess the facts alleged, but also furnish additional facts by intendment to be confessed. In the case before us, if the facts, that Mary Lowe was dead and the plaintiffs were her heirs, gave them a right of action, then the admission of these facts, and of the contract and its breach would have entitled the plaintiff to judgment.But we have seen such is not the case. The administrators or executors of Mary Lowe and not her heirs had a right of action for a breach of the condition of the bond. The objection is in the pleading, not so much in form, as that it is a suit upon a cause of action in which the plaintiffs are affirmatively shown to have no interest whatever: and is consequently a defect which no admissions can cure,1 and which would have been fatal in arrest of judgment even after issue and trial. As regards the assessment of damages, it is very evident that a jury should have been called to asses damages. Such has been the uniform decision of this Court under our statute. 2 Ark. R. 382. 1 Eng. R. 490. The Court can only pronounce a judgment upon an ascertained liquidated demand. Upon both these grounds, the judgment of the Circuit Court was erroneous, and must be reversed.